UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAINE ROBINSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-439 (CEJ) |
| | ) |
| PFIZER INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand the complaint to the Missouri state court from which the case was removed pursuant to 28 U.S.C. § 1447(c). Defendant has responded in opposition. Also before the Court is defendant's motion to stay the proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation regarding the transfer of this action to a Multidistrict Litigation (MDL) action pending in the District of South Carolina, to which plaintiff has responded in opposition.

### I. **Background**

On February 29, 2016, sixty-four plaintiffs from twenty-nine states filed this action in the Circuit Court for the City of St. Louis, Missouri, alleging seven state law causes of action against defendant arising out of its manufacture and sale of the prescription medication Lipitor (atorvastatin calcium). Plaintiffs allege that they developed Type II diabetes as a result of ingesting Lipitor. Plaintiffs assert claims of product liability for failure to warn, negligence, breach of implied warranty, fraud, constructive fraud, unjust enrichment, and punitive damages.

On March 31, 2016, defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Defendant is a citizen of Delaware and New York. Six plaintiffs are also citizens of New York. Despite the lack of complete diversity on the face of the complaint, defendant argues that diversity jurisdiction exists because the out-of-state plaintiffs' claims were either fraudulently joined or procedurally misjoined, and thus, the out-of-state plaintiffs should be ignored for purposes of determining jurisdiction. Plaintiffs move to remand, arguing that the out-of-state plaintiffs' claims have been properly joined, and the Court lacks subject matter jurisdiction over this action in the absence of complete diversity of the parties.

## II. Discussion

### A. Motion to Stay

Defendant moves to stay the proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on its motion to transfer this case to the MDL proceeding In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No. II), MDL No. 2502. However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." Spears v. Fresenius Med. Care N. Am., Inc., No. 4:13-CV-855 (CEJ), 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting T.F. v. Pfizer, Inc., No. 4:12-CV-1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)). "This is especially true where, as here, [a] pending motion is one for remand and goes to the Court's subject matter jurisdiction." Id. "This Court is in the best position to determine subject matter jurisdiction, and waiting for a decision

2

by the JPML before ruling on the motion to remand 'would not promote the efficient administration of justice.'" Id. Accordingly, defendant's motion to stay will be denied.

### B. Motion to Remand

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy is over $75,000. Likewise, the parties agree that six plaintiffs are citizens of the same state as defendant and, thus, complete diversity is lacking on the face of the complaint. Defendant argues that this Court nonetheless has diversity jurisdiction because the out-of-state plaintiffs' claims were either fraudulently joined or procedurally misjoined.

3

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." Prempro, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson v. Sys. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." Id. Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" Id. (quoting Filla, 336 F.3d at 811).

Fraudulent misjoinder, a doctrine the Eighth Circuit has neither accepted nor rejected, occurs when a plaintiff joins a viable claim, either by another non-diverse plaintiff or against another non-diverse defendant, with "no reasonable procedural basis to join them in one action" because the claim that destroys diversity has "no real connection with the controversy." Prempro, 591 F.3d at 620 (footnotes and citations omitted); see id. at 622 ("[W]e conclude that even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder."). Whether a party has been fraudulently misjoined depends on whether there has been an "egregious and grossly improper" joinder "under the broadly-interpreted joinder standards." Id. at 624.

4

Thus, fraudulent misjoinder challenges the propriety of joining viable claims into a single action while fraudulent joinder challenges the viability of the claims themselves. In other words, alleging fraudulent joinder "requires the court to look, at least somewhat, at the substantive merits of the claim," while fraudulent misjoinder is a question of procedure. See Bowling v. Kerry, Inc., 406 F. Supp. 2d 1057, 1060 (E.D. Mo. 2005) (referring to fraudulent misjoinder as "procedural misjoinder").

Here, defendant is not asking the Court to assess the out-of-state plaintiffs' claims to determine if the plaintiffs have a cause of action under substantive state law; rather, defendants are challenging the propriety of joining the out-of-state plaintiffs' claims into a single action.[1] Correctly characterized, defendants' argument is based on the theory of fraudulent misjoinder. Thus, the real issue is whether the out-of-state plaintiffs' claims have been properly joined under Rule 20 of the Federal Rules of Civil Procedure. As in Prempro and several recent cases before this Court, even if the fraudulent misjoinder doctrine is applied, it does not support this Court's exercise of jurisdiction. See, e.g., Morgan v. Janssen Pharms., Inc., No. 4:14-CV-1346 (CAS), 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014); Butler v. Ortho-McNeil-Janssen Pharms., Inc., No. 4:14-CV-1485 (RWS), 2014 WL

---

[1] According to defendant, no federal or state court in Missouri can exercise personal jurisdiction over defendant and comport with due process with respect to the out-of-state plaintiffs' claims. The parties do not dispute, however, that Missouri courts have personal jurisdiction over defendant with respect to the in-state plaintiffs' claims. Missouri courts, thus, may properly exercise personal jurisdiction over defendant with respect to this cause of action as a whole arising out of or related to its contacts and conduct in Missouri. See Shaffer v. Heitner, 433 U.S. 186, 204 (1977) (stating that the proper focus of the due process inquiry for the exercise of personal jurisdiction is "the relationship among the defendant, the forum, and the litigation"); see also Walden v. Fiore, 134 S. Ct. 1115, 1126 (U.S. 2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984) (permitting a forum State to assert personal jurisdiction over a nonresident defendant on a claim related to the defendant's activities within the forum State when the plaintiff's contacts with the forum were "extremely limited" or even "entirely lacking").

5

5025833 (E.D. Mo. Oct. 8, 2014); Orrick v. Smithkline Beecham Corp., No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014).

Rule 20 "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" Prempro, 591 F.3d at 622 (quoting Fed. R. Civ. P. 20(a)(1)). Missouri's permissive joinder rule is substantively identical. Mo. Sup. Ct. R. 52.05(a); State ex rel. Allen v. Barker, 581 S.W.2d 818, 826 (Mo. banc 979). "In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" Prempro, 591 F.3d at 622. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Accordingly, Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." Prempro, 591 F.3d at 622.

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966). Plaintiffs' subjective intent in adding non-diverse parties is irrelevant to the Court's Rule 20 analysis. As the Eighth Circuit has held, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977); id. at 406 ("[I]f [a plaintiff] can

6

avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so.").

On numerous occasions, this Court has determined that the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect the plaintiffs' claims. See, e.g., Parker v. Pfizer, Inc., No. 4:15-CV-441 (CAS), 2015 WL 3971169 (E.D. Mo. June 30, 2015) (Viagra); Gracey v. Janssen Pharm., Inc., No. 4:15-CV-407 (CEJ), 2015 WL 2066242 (E.D. Mo. May 4, 2015) (Risperidone); Hebron v. Abbvie Inc., No. 4:14-CV-1910 (ERW) (E.D. Mo. Dec. 18, 2014) (AndroGel); Polk v. Pfizer, Inc., No. 4:15-CV-542 (ERW), 2015 WL 1976370 (E.D. Mo. May 1, 2015) (Lipitor); T.F. ex rel. Foster v. Pfizer, Inc., No. 4:12-CV-1221 (CDP), 2012 WL 3000229 (E.D. Mo. July 23, 2012) (Zoloft); Douglas v. GlaxoSmithKline, LLC, No. 4:10-CV-971 (CDP), 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia). The Court finds that here, as in those cases, plaintiffs' claims satisfy Rule 20(a)'s standard. First, plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same product and arising from the same design, testing, development, labeling, packaging, distribution, marketing, and sales practices for that product. Also, because plaintiffs' allegations relate to defendant's design, manufacture, testing, and promotion of Lipitor—occurrences common as to all plaintiffs—their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the end-of-the-line exposures occurred in different states and under the supervision of different medical professionals. Thus, defendant has failed to demonstrate that the joinder of the out-of-state plaintiffs' claims with the in-state

plaintiffs' claims is so egregious as to constitute fraudulent misjoinder. See Prempro, 591 F.3d at 624.

Accordingly, the Court finds that joinder of all sixty-four plaintiffs' claims under Rule 20(a) is proper. Because the joinder of claims in this case does not constitute egregious misjoinder, complete diversity does not exist. Thus, Defendant has not met its burden of demonstrating that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332. Because the Court lacks subject matter jurisdiction over this case, the case will be remanded to state court.

Finally, plaintiffs requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which grants courts the authority "to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The cases in which this defendant has been informed by this Court under substantially similar circumstances that joinder of the plaintiffs' claims is proper under Rule 20 and controlling Eighth Circuit case law include: Clark v. Pfizer, Inc., No. 4:15-CV-546 (HEA), 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); Parker, 2015 WL 3971169; Polk, 2015 WL 1976370; Davood v. Pfizer Inc., No. 4:14-CV-970 (CEJ), 2014 WL 2589198 (E.D. Mo. June 10, 2014); Jennings v. Pfizer Inc., No. 4:14-CV-276 (HEA) (E.D. Mo. May 8, 2014); Lovett v. Pfizer Inc., No. 4:14-CV-458 (CEJ), 2014 WL 1255956 (E.D. Mo. Mar. 26, 2014); Jackson v. Pfizer Inc., No. 4:13-CV-1915 (RWS) (E.D. Mo. Oct. 15, 2013); S.L. v. Pfizer, Inc., No. 4:12-CV-420 (CEJ) (E.D. Mo. Apr. 29, 2013); T.F. ex rel. Foster, 2012 WL 3000229. In at least twenty-five other cases, this Court has remanded for lack of subject matter jurisdiction when other defendants have attempted to remove matters to federal court asserting substantially similar arguments. See e.g., Littlejohn v. Janssen Research & Dev.,

LLC, No. 4:15-CV-194 (CDP), 2015 WL 1647901 (E.D. Mo. Apr. 13, 2015); Swann v. Johnson & Johnson, No. 4:14-CV-1546 (CAS), 2014 WL 6850766 (E.D. Mo. Dec. 3, 2014); Morgan, 2014 WL 6678959; Butler, 2014 WL 5025833; McGee v. Fresenius Med. Care N. Am., Inc., No. 4:14-CV-967 (SNLJ), 2014 WL 2993755 (E.D. Mo. July 3, 2014); Coleman v. Bayer Corp., No. 4:10-CV-1639 (SNLJ), 2010 WL 10806572 (E.D. Mo. Dec. 9, 2010). In light of these repeated admonishments and remands to state court for six years, defendant can no longer argue that its asserted basis for seeking removal to federal court in these circumstances is objectively reasonable. Accordingly, the Court finds that plaintiffs are entitled to just costs and actual expenses because defendant lacked an objectively reasonable basis for seeking removal. Plaintiffs will be required to submit a bill of costs and expenses in support of their request for the Court's approval.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to stay the proceedings in this action pending MDL transfer [Doc. #8] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for remand [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

**IT IS FURTHER ORDERED** that plaintiffs shall have five days from the date of this order to submit documentation of the costs and expenses they reasonably

9

incurred as a result of defendant's removal in support of their request for attorney fees and costs under 28 U.S.C. § 1447(c).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2016.