UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAINE ROBINSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-439 (CEJ) |
| | ) |
| PFIZER INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the plaintiffs' response to the order directing them to submit documentation of the attorneys' fees and expenses incurred as a result of defendant's removal of this action. Previously, the Court determined that the plaintiffs are entitled to recover those fees and costs from the defendant because defendant lacked an objectively reasonable basis for seeking removal. See Order dated April 29, 2016 [Doc. #20]. Although this case has been remanded to the state court, this Court retains jurisdiction to decide an award of fees and costs under 28 U.S.C. § 1447(c). PNC Bank, N.A. v. Spencer, 763 F.3d 650, 654 (7th Cir. 2014); Bryant v. Britt, 420 F.3d 161, 165–66 (2d Cir. 2005) (collecting cases from other circuits).

The party seeking attorney fees has the burden to prove that its request is reasonable. See Huffman v. Saul Holdings, Ltd. P'ship, 262 F.3d 1128, 1135 (10th Cir. 2001) (stating that § 1447(c)'s reference to "actual" expenses "incurred" does not relieve the district court from examining the reasonableness of the attorney billing rates and number of hours expended). To meet this burden, a fee petitioner must "submit evidence supporting the hours worked and rates claimed." Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983).  A reasonable attorney fee is the number of hours reasonably expended multiplied by a reasonable hourly rate.  Cf. Venegas v. Mitchell, 495 U.S. 82, 86 (1990) (interpreting the fee shifting provision of 42 U.S.C. § 1988); Blanchard v. Bergeron, 489 U.S. 87, 93–94 (1989); Hensley, 461 at 433–34.  Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

With respect to the attorney fees requested here, plaintiffs' counsel submitted an affidavit and exhibit in support indicating that he spent 37 hours performing legal services related to the removal of this matter.  Counsel included time spent reviewing defendant's notice of removal and motions, researching and drafting plaintiffs' motion to remand and reply in support, researching and drafting plaintiffs' response to defendant's motion to dismiss, researching and drafting plaintiffs' response to defendant's motion to stay, and researching and drafting plaintiffs' motion to vacate the conditional transfer order of the Judicial Panel on Multidistrict Litigation (JPML).  Measured at an hourly billing rate of $400, plaintiffs' counsel avers that he incurred legal fees totaling $14,800.

Based on the information provided, plaintiffs' counsel's requested hourly billing rate appears to be reasonable for mass tort litigation performed by a senior attorney in the St. Louis market.  See Blum v. Stenson, 465 U.S. 886, 895 (1984) (stating that a reasonable attorney fee is to be calculated "according to the prevailing market rates in the relevant community").  For this reason and because defendant has not opposed the hourly rate, the Court will accept plaintiffs' counsel's proffered rate.  See id. at 895 n.11 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory

2

evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.").

However, the Court finds that not all of the legal services performed related to the removal of this matter and not all of the hours expended were reasonable. Plaintiffs are only entitled to actual expenses "incurred as a result of the removal." § 1447(c). Ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable. Marel v. LKS Acquisitions, Inc., No. 3:06-CV-366 (TMR), 2010 WL 1372412, at *3 (S.D. Ohio Mar. 31, 2010); Simenz v. Amerihome Mortg. Co., LLC, 544 F. Supp. 2d 743, 747 (E.D. Wis. 2008). Thus, plaintiffs are not entitled to expenses related to counsel's time spent reviewing, researching, or drafting a response to defendant's motion to dismiss. This time was incurred because of defendant's contention that plaintiffs' suit lacks merit, not as a result of the removal.

In addition, plaintiffs have not demonstrated that the time their counsel spent researching and drafting their motion to vacate the conditional transfer order of the JPML was reasonable. That motion was not filed here, and the Court is thus unable to conclude that counsel's time spent on an eight-page motion to vacate with three exhibits was reasonable or necessary. See [Doc. #22] (the clerk of the JPML's order vacating the conditional transfer because the panel was notified that this Court had remanded the matter). Other hours recorded that do not sufficiently

describe tasks specifically related to the removal of this matter appear excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434.

In contrast, plaintiffs' counsel's recorded time specifically spent researching removal and working on the motion to remand, its reply in support, and a response to the related motion to stay appears reasonable and was incurred as a result of the removal. As such, the defendant will be ordered to pay the sum of $6,200, representing 15.5 hours of plaintiffs' counsel's time at a rate of $400 per hour. See Lopez v. Pfeffer, No. 13-CV-3341 (NMC), 2013 WL 5367723, at *5 (N.D. Cal. Sept. 25, 2013) (finding the calculation of attorney's fees under § 1447(c) in the amount of $6,187.50 in a case with similar legal arguments, consisting of 12.5 hours at a rate of $495 per hour, to be reasonable); Thakor v. Burlington Ins. Co., No. C 09-1465 (SBA), 2009 WL 1974511, at *5–6 (N.D. Cal. July 8, 2009) (awarding attorney's fees for improper removal on the basis of similar legal arguments in the amount of $7,720.50 for 19.3 hours of one attorney's time billed at $235 per hour and 3 hours of another attorney's time billed at $435 an hour).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs are awarded attorney fees against defendant in the amount of $6,200.00. Defendant shall pay plaintiffs these fees within thirty days of the date of this order.

                                                  _____
                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2016.